WARREN F. JOHNSTON, INC., Respondent, *v.* KATIE W. GRENZBACH and Another, Appellants.

First Department, March 30, 1928.

**Brokers — real estate brokers — action to recover commissions for leasing property — proof fails to show that one co-owner entered into agreement to employ plaintiff — no proof that lease was satisfactory to both co-owners.**

A judgment recovered by the plaintiff for commissions alleged to have been earned in leasing property belonging to the defendants is reversed and the complaint dismissed, since it appears that the plaintiff knew that the property was owned by the two defendants; that there is no evidence of employment by one of the defendants, and that it is not shown that a lease satisfactory to both defendants was procured by the plaintiff.

APPEAL by the defendants from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 3d day of January, 1927, and also from an order entered on the same day.

*George W. Alger* of counsel [*Albert W. Ransom,* attorney], for the appellants.

*Martin Lippman* of counsel [*McLaughlin & Stern,* attorneys], for the respondent.

PROSKAUER, J. The plaintiff has recovered a judgment for brokerage in negotiating a long term lease of real estate owned by

Mrs. Grenzbach and Mrs. Whitehorne, the two defendants.  The alleged services were rendered by Mr. Dressler, a representative of the plaintiff.  Prior to his first interview with Mrs. Grenzbach he had searched the records in the register's office and knew that the property was jointly owned by the two defendants.  There is no evidence whatever in the record of any employment by Mrs. Whitehorne or of any authority from Mrs. Whitehorne to either Mr. Grenzbach, the codefendant's husband, or Mr. Ransom, their counsel, to employ the plaintiff.  There is evidence from which a jury might fairly infer that the plaintiff was employed by Mr. Grenzbach and Mr. Ransom, with authority to act for Mrs. Grenzbach.  That employment, however, was necessarily to negotiate a lease satisfactory to both the defendants.  It was never in the minds of the parties to procure a lease of only Mrs. Grenzbach's interest in the property.  The burden rested on the plaintiff, therefore, to show that it had procured a lessee upon terms satisfactory both to Mrs. Grenzbach and to Mrs. Whitehorne.  There is no evidence that the negotiations were ever reported to Mrs. Whitehorne or that she or any one in her behalf ever accepted the lessee or agreed to any of the terms of the proposed lease.

The plaintiff has, therefore, failed to make out any cause of action, and the judgment and order appealed from should be reversed, with costs, and the complaint dismissed, with costs.

Dowling, P. J., Merrell, Finch and McAvoy, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.